**SMITH INTERNATIONAL INC., et al., Plaintiffs,**

v.

**TEXAS COMMERCE BANK NATIONAL ASSOCIATION, et al., Defendants.**

**Civ. A. No. H–83–4968.**

United States District Court, S.D. Texas, Houston Division.

May 14, 1985.

Gerald P Burleson, Houston, Tex., for plaintiffs.

Vilhelm Hesness, Gillis, Walker, Drexler & Williamson, Houston, Tex., for Tubulars Unlimited, Inc.

John C. Nabors, Liddell, Sapp, Zivley, Brown & LaBoon, Houston, Tex., for Texas Commerce Bank, Nat. Assn.

Richard E. Blohm, Jr., Reese, Meyer & Cribbs, P.C., Houston, Tex., for Robert Donaldson, Jr.

## ORDER

NORMAN W. BLACK, District Judge.

Pending before the Court is Defendants' motion for summary judgment. Defendants seek summary judgment on all claims alleged against them under the Securities Act of 1933, 15 U.S.C. § 77a *et seq.* and the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.* Defendant Texas Commerce Bank also seeks summary judgment on the cause of action asserted against them pursuant to 18 U.S.C. § 1961 *et seq.* Upon consideration of the briefs, accompanying authorities and summary judgment evidence which both oppose and support the motion, the Court is of the opinion that the promissory notes made the basis of this suit are not securities as a matter of law, and that Defendants are entitled to summary judgment. Although Defendants have sought summary judgment on other grounds in the alternative, since the Court finds that there was not the required purchase or sale of a security in the underlying transaction, it will not address the remaining points in Defendants' motion.

Summary judgment may be entered only if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *see Transource International, Inc. v. Trinity Industries,* 725 F.2d 274, 279 (5th Cir.1984). The Court must view the evidence introduced and all factual inferences therefrom in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

The undisputed facts in this cause show that Plaintiffs are entities that sold goods or equipment on open accounts to Defendant Tubulars Unlimited, Inc. Tubulars began experiencing financial difficulties and attempted to make arrangements with its trade creditors to assure them of ultimate payment for their goods and services. Part of this arrangement was the offering and acceptance of promissory notes in the amount of the debt owed, plus interest. Despite all efforts to improve its financial condition, Tubulars ultimately defaulted on its bank loans which resulted in foreclosure on all its property and assets. An involuntary petition under Chapter 7 of the United States Bankruptcy Code was filed against Tubulars in 1984. Plaintiffs brought this suit against Tubulars, Texas Commerce Bank, and other Defendants who were either associated with Tubulars or involved in the bank-related transactions. Plaintiffs contend that the promissory notes which they received are securities and that Defendants have violated the securities laws in relation to those notes.

Although the definition of "security" in the Securities Exchange Act of 1934 is quite broad, the statutes were not intended to provide a broad federal remedy for all fraud. *Marine Bank v. Weaver,* 455 U.S. 551, 102 S.Ct. 1220, 71 L.Ed.2d 409 (1982). The Supreme Court has determined that the test "is what character the instrument is given in commerce by the terms of the offer, the plan of distribution, and the economic inducements held out to the prospect." *Id.* at 557, 102 S.Ct. at 1224, 71

L.Ed.2d 409. The ultimate determination to be made by the Court is whether the notes made the basis of this suit can be characterized as commercial or investment in nature. *Bellah v. First National Bank,* 495 F.2d 1109 (1974). The scope of a "security" is restricted to instruments which have the character of an investment and excludes those of a commercial nature. *SEC v. Continental Commodities Corp.,* 497 F.2d 516 (5th Cir.1974). In the instance case, the promissory notes offered to Plaintiffs were an acknowledgement of the debt already owed by Tubulars. No special investment rights were given to Plaintiffs. Plaintiffs were not investors in Tubulars and expected no profit beyond repayment of the note with interest. The Court is of the opinion that the promissory notes do not have the indicia of investments necessary for them to constitute a security. *See, National Bank of Commerce v. All American Assurance Corp.,* 583 F.2d 1295, 1301 (5th Cir.1978).

█ Plaintiffs attempt to distinguish the above cited cases and rely primarily on *Continental Commodities* in support of their contention that the promissory notes in question are indeed securities. They cite various facts surrounding the issuance of the notes including that the notes were offered to more than a nominal number of "offerees," that some of the offerees interpreted acceptance of the notes as precluding legal action until the notes became due and that acceptance of the promissory notes enabled Tubulars to stay in business while it attempted to work out complete payment of its outstanding debts. The Court is of the opinion that these facts do not change the commercial nature of the notes into an investment by Plaintiffs under the circumstances of this case. The "offerees" of the notes were simply creditors already owed a debt by Tubulars. They accepted the notes with the hope of being paid a debt already due for their services, plus interest. There was no hope of realizing any greater return. They had never invested in Tubulars in the first place, and the loans were not offered in the hopes of realizing a return commensurate with the success of Tubulars' business. *See, Continental Commodities,* 497 F.2d at 527; *Bellah,* 495 F.2d at 1113. Plaintiffs never stood in the shoes of investors; they were simply trade creditors. *See Zeller v. Bogue Electric Manufacturing Corp.,* 476 F.2d 795 (2nd Cir.1973). Upon consideration of the undisputed facts and the law applicable in this cause, the Court is of the opinion that the promissory notes were not of the required investment character which would enable Plaintiffs to bring a cause of action under the securities laws for payment of their notes.

Defendant Texas Commerce Bank also contends they are entitled to summary judgment on the allegations pursuant to 18 U.S.C. § 1961 *et seq.,* the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The Court previously denied a motion to dismiss for failure to state a claim filed by Defendant Texas Commerce Bank and granted a motion for more definite statements so that Plaintiffs could more specifically plead their RICO allegations. Upon consideration of the amended complaint and the summary judgment evidence relating to the RICO allegations, the Court is of the opinion that the undisputed facts do not support a RICO claim. The evidence does not support a showing of a pattern of racketeering activity required pursuant to the statute or the case law. *See Sedima v. Imrex Co.,* — U.S. — 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). Accordingly, it is hereby

ORDERED, ADJUDGED and DECREED that Defendants' motion for summary judgment is GRANTED and this case is DISMISSED.